UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DARVEL BLACKWELL,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION and M. BROOKS,

Defendants.

Case No. 1:26-cv-00342-HBK (PC)

ORDER DENYING AS MOOT DEFENDANT BROOKS'S MOTION TO STAY; REFERRING CASE TO EARLY ADR; AND STAYING ACTION

(Doc. 18)

OPT OUT DEADLINE:

JANUARY 26, 2027

Plaintiff Darvel Blackwell, a former state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. (Doc. 1). The Court screened the complaint and found it states: (1) an Eighth Amendment deliberate indifference claim against Defendant Brooks; and (2) disability discrimination claims under the Americans with Disabilities Act and Rehabilitation Act against Defendant California Department of Corrections & Rehabilitation ("CDCR"). (Doc. 10). Plaintiff elected to proceed on those claims. (Doc. 11).

On August 26, 2026, Defendants waived service. (Doc. 16). Their responses to the complaint are due on or before September 29, 2026.

////

On September 25, 2026, Defendant Brooks moved to stay her deadline to respond to the complaint, representing that CDCR filed a motion to dismiss on September 29, 2026. (Doc. 18). As of date of this Order, no motion to dismiss has been filed.

The Court refers appropriate prisoner civil rights actions to early dispute resolution ("ADR") to promote prompt and cost-effective resolution. *See* E.D. Cal. Local Rule 270. In appropriate cases, counsel from the California Attorney General's Office agrees to participate in early ADR, and no party waives any claim, defense, or objection by participating.

A limited stay will allow the parties to investigate the claims, exchange informal discovery, confer regarding settlement, and, if appropriate, participate in a settlement conference.

////

////

Accordingly, IT IS ORDERED:

1. This action is STAYED for 120 days from the date of this Order, unless otherwise ordered. During the stay:

(a) Defendants may, but need not, file a responsive pleading to the operative complaint;

(b) No other pleadings or motions may be filed without leave of Court; and

(c) The parties may conduct informal discovery only. Formal discovery may not begin unless and until the Court issues a scheduling and discovery order.

2. No later than January 26, 2027, any party that objects to an early settlement conference or believes settlement is not presently achievable shall file a notice stating that position.

3. If no party opts out, the Court will refer this matter by separate order to a United States Magistrate Judge, other than the undersigned, to conduct a settlement conference.

4. If the parties settle before the settlement conference, they shall promptly file a notice of settlement in accordance with Local Rule 160.

5. In light of the stay imposed by this Order, Defendant Brooks's motion to stay the time to respond to the complaint (Doc. 18) is DENIED as moot. If CDCR files a motion to dismiss after the stay is lifted, Defendant Brooks may renew her request for a stay, if warranted.

IT IS SO ORDERED.

Dated: September 28, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE